By the Court.—Sedgwick, Ch. J.
The word “furnished” in the clause named “in which water is furnished for business consumption” does not embrace the idea of use. It means provided or offered for use. The word consumption refers to use. The clause means “in which water is provided for use, in business.” Water, when used in a business, must be used through the agency of some person engaged in the business. The statute does not discriminate between the business uses as to quantity or purpose. If, for any purpose, persons employed in the business, use the water, it is a business consumption. If water is used for the business, in the same methods and to the same extent as it is generally by a family in a dwelling, nevertheless the former is a business use.
It may be that the statute intends to accomplish a certain purpose by directions as to matters which will sub-serve that purpose with certainty, although some of these matters by themselves, it may be imagined would not have called for legislative direction. The object may have been to secure a certain compensation for water used in large quantities in business, but it being difficult to discriminate between such conditions as in the present would or would not show what quantity would be used in the future, the direction was that when the place was devoted to business, a water-meter might be placed to measure such water as could in fact be used.
I therefore think, that if the words water furnished for business consumption qualified stores, shops, &c., the plaintiff’s stores would be within the section. I think, there is no such qualification, because, if there were such an intention, the general clause would have covered the preceding particulars, and there would have been no need of specification.
The plaintiff is not obliged to have any pipes to furnish water in her premises. Whether or not she shall take it rests in her will. If she choose not to have pipes, the defendant cannot place in her premises a meter and cannot subject her building to the danger of the meter leaking or *174 bursting, or to the expense of the meter being a lien upon the real estate. If she chose to take the benefit to any extent, under the statute, the benefit must be taken, in the form and with the limitations prescribed by the statute. As the consequences are such as she voluntarily assumes, if she allow the water to be furnished at all, there is no ground for arguing that the statute that gives the defendant certain powers or gives a lien for the expense of the meter is unconstitutional, or that damage to the premises are to be apprehended from the meter.
This case and its facts and points were so fully discussed by Judge Freedman in his opinion, now approved, that it is not necessary to proceed further.
The judgment is affirmed, with costs.
Truax and O’Gorman, JJ., concurred.